UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Dominic Pineda and<br>Shon Morgan<br><br>Defendants. | **Protective Order**<br><br>22 Cr. 337 (KMK) |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;  and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, could

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose the disclosure material and sensitive disclosure material without significant delay occasioned by responsiveness or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Disclosure material and sensitive disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, shall not disclose any disclosure material to the media or any third party except as set forth below, and shall not disclose any sensitive disclosure material or ATTORNEY'S EYES ONLY material to any third party except as set forth below.

6. Disclosure material that is not sensitive disclosure material or ATTORNEY'S EYES ONLY material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

7. Sensitive disclosure material shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct defense counsel is responsible, i.e., personnel employed by or retained by counsel and the Defendant, subject to the following limitations:

(a) The Defendant may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

(b) The Defendant may not copy or otherwise record sensitive disclosure material; and

(c) The Defendant may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

8. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (not to the Defendant), absent consent of the Government or order of the Court.

9. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. For example, ESI was seized from Dominic Pineda and Shon Morgan. Upon

consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). Defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Courtney Heavey*　　　　　　　　　　　Date: August 10, 2022
　　Courtney L. Heavey
　　Assistant United States Attorney


_____　　　　　　Date: _____
Francis L. O'Reilly, Esq.
Counsel for Shon Morgan

*Sam Braverman*　　　　　　　　　　　　　Date: *August 10, 2022*
Samuel Braverman, Esq.
Counsel for Dominic Pineda

SO ORDERED:

Dated:  White Plains, New York
　　　　August 15, 2022

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Courtney Heavey*            Date: _____
Courtney L. Heavey
Assistant United States Attorney

*Francis L. O'Reilly*            Date: 8/15/22
Francis L. O'Reilly, Esq.
Counsel for Shon Morgan

_____            Date: _____
Samuel Braverman, Esq.
Counsel for Dominic Pineda

SO ORDERED:

Dated: White Plains, New York
       August 15, 2022

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

5